UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARIO DE JESUS ANTONIO,<br><br>Petitioner,<br><br>v.<br><br>JULIO HERNANDEZ, in his official capacity as Acting Seattle Field Office Director, U.S. Immigration and Customs Enforcement, et al.,<br><br>Respondents. | CASE NO. 2:26-cv-03532-TL<br><br>ORDER TO SHOW CAUSE |

This matter is before the Court on its own motion.

On September 12, 2026, Petitioner was detained by Immigration and Customs Enforcement ("ICE") in Milwaukie, Oregon. Dkt. No. 1 (Habeas Petition) ¶ 1. That same day, Petitioner filed a Petition for Writ of Habeas Corpus. Dkt. No. 1. In the petition, Petitioner's counsel asserts he, "reasonably believes that Mario remains in Oregon, but ICE may already have begun transporting him toward Tacoma, Washington. ICE and DHS possess the

information necessary to determine his precise present location." *Id.* ¶ 9. One request of the petition is that the Court order "Respondents immediately to disclose Mario's precise physical location to the Court and undersigned counsel." *Id.* at 14.

On September 12, 2026, Counsel for Respondents in Oregon filed a notice of prior removal asserting that Petitioner was transferred that same day to the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington, at 3:46 p.m., and that the petition was filed at 6:35 p.m. Dkt. No. 5. As such, Oregon District Court no longer had jurisdiction, and the case was transferred to this District. Dkt. No. 7.

On October 5, 2026, Respondents in this District filed a return brief, but did not raise that Petitioner's immediate custodian has not been added as a respondent in this matter. Dkt. No. 13. However, both Parties acknowledge that Petitioner is now at NWIPC. *See id.* at 2; *see* Dkt. No. 16-1 (De Jesus Antonio Decl.) at 3. "[H]abeas petitioners challenging their present physical confinement [must] name their immediate custodian, the warden of the facility where they are detained, as the respondent to their petition." *Doe v. Garland*, 109 F.4th 1188, 1197 (9th Cir. 2024); see also *Rumsfeld v. Padilla*, 542 U.S. 426, 439 (2004); *Rivera-Trigueros v. Becerra*, 720 F. Supp. 3d 808, 811–13 (N.D. Cal. 2024). If a petitioner fails to do so, the district court lacks jurisdiction over the petition. *Doe*, 109 F.4th at 1195–97. For this matter to proceed, Petitioner must name his current physical custodian as a respondent. Otherwise, the Court does not have jurisdiction to review the petition.

Accordingly, it is hereby ORDERED:

(1) Petitioner SHALL show cause, by **November 23, 2026**, why his current petition should not be dismissed without prejudice for failing to name the proper respondent.

(2) To conserve the Parties resources, Petitioner is GRANTED leave to file a praecipe by **November 23, 2026**, that names the proper respondent. If the Petitioner timely files a praecipe, the Court will consider the Petition, traverse, reply as supplemented by any praecipe.

(3) The Clerk is DIRECTED to re-note the Petition (Dkt. No. 1) to November 23, 2026.

Dated this 18th day of November, 2026.

Tana Lin
United States District Judge